No. 3787—

THE WESTERN UNION TELEGRAPH COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1945.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

The above named claimant is a foreign corporation

existing under and by virtue of the laws of the State of New York, and having authority to do business in the State of Illinois. Among other services rendered to the public by the claimant is installing and maintaining time service by means of electrically controlled clocks.

During the month of October, 1940, at the request of the Secretary of the Senate of the State of Illinois, at Springfield, the claimant maintained regular time service by means of an electrically controlled clock for the State Senate. This clock was kept in operation and services were maintained by the claimant at the request of the aforesaid official from October 1940 through July, 1942. The total charges for this service rendered by claimant amounts to the sum of Twenty-one ($21.00) Dollars.

This claimant, prior to filing its complaint, demanded payment of Twenty-one Dollars from the aforesaid Secretary of the Senate of the State of Illinois, but payment was refused for the reason that the account had not been vouchered in time to be paid before the appropriation therefor had lapsed.

From the record it is evident that the services were rendered as per invoice attached to the complaint. And it is further evident from the record that had claimant billed the respondent in apt time the account would have been paid in due course for the reason there existed appropriations sufficient to pay each item at the time the services were rendered.

Where it clearly appears that claimant rendered services to the State at the request of its duly authorized officers and for which an appropriation existed out of which payment could be made therefor, an award may be made for compensation for such services, in an amount not in excess of that agreed upon, where such appropriation lapsed before payment was made for same, on claim

filed within a reasonable time. *Riefler, et al.,* vs. *State,* 11 C. C. R., 381. *Western Union Telegraph Company* ·vs. *State,* 12 C. C. R., 329.

An award is therefore entered in favor of claimant in the sum of Twenty-one ($21.00) Dollars for the following periods: October, 1940, $3.00; October, 1941, $3.00; July, 1941, $3.00; October, 1942, $3.00; April, 1942, $3.00; January, 1942, $3.00; July, 1942, $3.00.